**FULTON, Plaintiff-Appellant, v. FULTON et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6073. Decided June 16, 1959.

Shoemaker, George & Passmore, H. Keith Passmore, of Counsel, Columbus, for plaintiff-appellant.

Kenneth E. Thomas, Columbus, for defendants-appellees.

## OPINION

Per CURIAM.

This action for the petition of real estate was begun by the plaintiff on June 30, 1958. A motion was filed by the defendant to the petition to make it more definite and certain in the particulars as set forth in the motion. The court sustained the motion to make definite and certain in all of its branches and granted to plaintiff leave to file an amended petition within rule.

The amended petition was filed, and the defendant filed a motion to strike the amended petition from the file for failure to comply with the former order of the court to make the petition definite and certain in the particulars set out in the motion. The motion to strike the petition was sustained by the court by entry filed October 30, 1958; and in the entry the plaintiff was given leave to file an amended petition within rule.

On November 25, 1958, the court considered an oral motion to dismiss and filed the following entry:

"This day this cause came on to be heard on the oral motion of the

defendants to dismiss said cause of the plaintiff, and it appearing that the plaintiff has not filed an amended petition within rule pursuant to a former order of this court, it is hereby ordered that the cause herein be dismissed with prejudice against the plaintiff, and that the plaintiff pay the costs herein taxed at $_____."

On December 11, 1958, the plaintiff filed his notice of appeal on questions of law from the order rendered by the Court of Common Pleas dismissing his petition with prejudice and at his cost on the 25th day of November, 1958.

The briefs of the parties have to do with the sufficiencies of the petition and the amended petition. However, the appeal is from the dismissal, and §2323.05 R. C., provides, in part, as follows:

"An action may be dismissed without prejudice to a future action:
* * * * *

"(E) By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action; * * *."

It does not appear that the plaintiff-appellant can question the correctness of the court's orders in ruling on the motion to make definite and certain and the motion to strike the petition in this proceeding as a timely appeal was not taken from those rulings, and the court was well within its rights in dismissing the action for failure to comply with the "order concerning the proceedings." However, it is to be noted that the action was dismissed with prejudice, and the law only gives a court the right to dismiss the action without prejudice to another action.

For that reason the cause will be remanded for further proceedings in accordance with the law.

BRYANT, PJ, DUFFY, J, concur.
MILLER, J, not participating.